UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL COOKS,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>J. SOTO, Warden,<br><br>　　　　Respondent. | NO. CV 15-5419-JGB (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

　　　The court therefore orders Petitioner to show cause on or before **August 31, 2015** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

On September 22, 2010, a Los Angeles County jury convicted Petitioner of second degree robbery and sentenced him to ten years in prison on November 23, 2010. (Petition at 2 & Ex. A.)

On March 29, 2012, the California Court of Appeal affirmed the judgment. (*Id.* at 3.) On the same day the Court of Appeal affirmed the judgment, it denied a habeas petition. *See* California Appellate Courts Case Information online docket in Case No. B237938. Petitioner did not file a petition for review in the California Supreme Court on direct appeal.

On June 12, 2012, Petitioner filed a habeas petition in the Los Angeles Superior Court, which was denied on the same day.[1] *Cooks I*, LD 5-6.

On July 18, 2012, Petitioner filed a second habeas petition in the Court of Appeal, which was denied on August 16, 2012. *Cooks I*, LD 7-8.

On August 29, 2012, Petitioner constructively filed a habeas petition in the California Supreme Court, which was denied on December 12, 2012 with a citation to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965). *Cooks I*, LD 9 & Proof of Service, 10. On August 6, 2013, Petitioner constructively filed another state habeas petition in the California Supreme Court, which was denied on November 13, 2013 with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995); *In re Clark*, 5 Cal. 4th 750, 767-769; and *In re Swain*, 34 Cal. 2d 300, 304 (1949). *Cooks I*, LD 11 & Proof of Service, 12. On April 6, 2015, Petitioner filed a third habeas petition in the California Supreme Court, which was denied on June 10, 2015.

---

[1] On February 5, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in this court, challenging the same conviction, in *Cooks v. Cate*, Case No. 13-811-AGR ("*Cooks I*"). Petitioner spelled his first name in *Cooks I* with two l's, whereas in the instant petition he spells it with one l. The abstract of judgment indicates that his first name is spelled with two l's (Petition, Ex. A), as does the Court of Appeal's affirmance of the judgment on direct appeal (*Cooks I*, Lodged Document ("LD") 4.)

2

(Petition at 4); see also California Appellate Courts Case Information online docket in Case No. S225734.

As previously noted, on February 5, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in this court.[2]  Cooks I, Dkt. No. 1.  On July 30, 2013, Respondent filed a motion to dismiss based on failure to exhaust any of the grounds in the petition.  Id., Dkt. No. 26.  On December 5, 2013, Petitioner filed a first amended petition ("FAP").  Id., Dkt. No. 30.  On March 18, 2014, Respondent filed a motion to dismiss  based on failure to exhaust any of the grounds in the FAP.  Id., Dkt. No. 38.  On April 4, 2014, Petitioner filed an opposition.  Id., Dkt. No. 40.  On January 6, 2015, the court issued an Opinion and Order in which it found that Grounds One through Five in the FAP were unexhausted and that Ground Six was exhausted, albeit subject to an argument about procedural default.  Id., Dkt. No. 42 at 4-7.  Accordingly, the court found the FAP to be mixed and gave Petitioner three options:  (1) he could file a motion to stay; (2) he could drop the unexhausted grounds and proceed only on the unexhausted claim; or (3) he could file a request to dismiss the petition without prejudice to return to state court to exhaust his claims.  Once the claims had been exhausted, Petitioner would have to file a new federal habeas petition that is fully exhausted.  The court warned Petition that "any new federal habeas petition will be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)."  The court "expresse[d] no opinion as to whether any subsequent federal habeas petition would be untimely."  Id. at 8-9.

On March 9, 2015, Petitioner filed a notice of dismissal pursuant to Fed. R. Civ. P. 41.  Id., Dkt. No. 45.  On March 11, 2015, the court dismissed the FAP without prejudice and entered judgment.  Id., Dkt. Nos. 46-47.  In its dismissal order the court again cautioned "Petitioner that any future federal habeas petition

---

[2] In Cooks I, the parties consented to the magistrate judge.  Id., Dkt. Nos. 2, 25.)

1 will be subject to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)."
2 *Id.*, Dkt. No. 46.
3     On June 30, 2015, Petitioner constructively filed the instant petition.
4 (Petition, Back of envelope).

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only relevant subdivision here is § 2244(d)(1)(A).

The Court of Appeal affirmed Petitioner's conviction on July 18, 2012. Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days later on August 27, 2012. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). The statute of limitations expired on August 27, 2013.

Absent tolling, the petition is time-barred.

**A.**    **Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The statute of limitations began to run on August 27, 2012. Because Petitioner's habeas petitions before the Court of Appeal were both decided before

4

1  August 27, 2012, Petitioner does not receive the benefit of statutory tolling for
2  those two petitions.
3       After the limitations period began to run, Petitioner constructively filed his
4  first habeas petition in the California Supreme Court on August 29, 2012.  At that
5  point, Petitioner had used up 2 days of the limitations period (August 29 - August
6  27, 2012).  The limitations period began to run again on December 12, 2012,
7  when the court denied the petition.  Petitioner constructively filed his second
8  habeas petition on August 6, 2013.  At that point, Petition had used up an
9  additional 237 days of the limitations period, meaning Petitioner had used up a
10 total of 239 days of the limitations period (2 + 237) and had 126 days remaining
11 (365 - 239).  The court denied the second habeas petition on November 13,
12 2013, and the limitations period again began to run.  The statute of limitations
13 therefore expired on March 19, 2014 (November 13, 2013 + 126).
14      Petitioner filed his third habeas petition on April 6, 2015.  Petitioner is not
15 entitled to additional statutory tolling because the third petition was filed after
16 expiration of the statute of limitations.  *See Welch v. Carey*, 350 F.3d 1079, 1081-
17 84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired
18 does not revive the expired limitations period).
19      Unless Petitioner is entitled to gap tolling, the petition remains time-barred.
20      As noted above, there was a 237-day gap between when the California
21 Supreme Court denied his first habeas petition on December 12, 2012, and when
22 Petitioner constructively filed his second habeas petition on August 6, 2013.  The
23 gap is unreasonable.  *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L.
24 Ed. 2d 684 (2006) ("As long as [a] prisoner file[s] a petition for appellate review
25 within a 'reasonable time,' he [may] count as 'pending' (and add to the 1-year
26 time limit) the days between (1) the time the lower state court reached an adverse
27 decision, and (2) the day he filed a petition in the higher state court.").  A six-
28 month delay is not reasonable.  *Evans*, 546 U.S. at 201.

In *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam), the Ninth Circuit held that because the petitioner's unexplained delays of 101 and 115 days "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions . . ., we fail to see how '*unexplained*' delay[s] of this magnitude could fall within the scope of the federal statutory word 'pending.'" *Id.* at 1048 (quoting *Evans*, 546 U.S. at 201, emphasis added by *Chaffer*)).

In *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011), the Ninth Circuit found inadequately explained gaps of 81 days and 91 days to be unreasonable.

After the California Supreme Court denied his second habeas petition on November 13, 2013, Petitioner did not file his third habeas petition until April 6, 2015, a gap of 509 days. Petitioner is not entitled to statutory tolling for those days for two reasons. First, because the 237-day gap was unreasonable, Petitioner's third habeas petition was filed after the statute of limitations expired on March 19, 2014. Second, a gap of 509 days is unreasonable.

With respect to *Cooks I*, the limitations period is not statutorily tolled while a habeas petition is pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

Absent equitable tolling, the petition remains time-barred.

**B.   Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation

6

marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

The noted earlier, the statute of limitations expired on March 19, 2014. Petitioner constructively filed the instant federal petition on June 30, 2015, more than one year, three months later.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before **August 31, 2015** Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to this order to show cause by August 31, 2015, the court will recommend that the petition be dismissed with prejudice**
**based on expiration of the one-year statute of limitations.**

DATED:  July 29, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7